**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DAVID KINZIE,** individually and as beneficiary under the Pilar Kinzie Employee Stock Ownership Plan, the Bank of New York Company Inc. and on behalf of Pilar Kinzie, deceased,

       Plaintiff,     1:14-cv-1191
                (GLS/CFH)

     v.

**THE BANK OF NEW YORK MELLON CORPORATION a/k/a THE BANK OF NEW YORK COMPANY, INC. et al.,**

       Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Office of William A. Brenner<br>P.O. Box 369<br>157 Main Street<br>Grahamsville, NY 12740 | WILLIAM BRENNER, ESQ. |
| **FOR THE DEFENDANTS:**<br>*The Bank of New York Mellon Corporation*<br>Reed, Smith Law Firm<br>225 Fifth Avenue<br>Pittsburgh, PA 15222 | CATHERINE S. RYAN, ESQ.<br>RICHARD L. ETTER, ESQ. |
| 599 Lexington Avenue<br>28th Floor<br>New York, NY 10022 | GEOFFREY G. YOUNG, ESQ. |

**Gary L. Sharpe**
**Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff David Kinzie[1] commenced this action against defendants the Bank of New York Mellon Corporation (BNYM) and the U.S. Department of Labor Employee Benefits Security Administration, alleging breach of contract against BNYM after he was denied a lump sum payment of the total proceeds of his deceased wife's employee stock ownership plan. (*See generally* Compl., Dkt. No. 1, Attach. 1 at 5-10.)[2] Pending is BNYM's motion to dismiss. (Dkt. No. 5.) For the reasons that follow, the motion is granted.

---

[1] Kinzie commenced this action "[i]ndividually and as [b]eneficiary [u]nder [t]he Pilar Kinzie [e]mployee [s]tock [o]wnership [p]lan, [t]he Bank of New York Company Inc.[,] and on behalf of Pilar Kinzie, deceased." (*See generally* Compl., Dkt. No. 1, Attach. 1 at 5-10.)

[2] There have been no appearances filed on behalf of the U.S. Department of Labor Employee Benefits Security Administration. Kinzie's complaint asks that the court order the "U.S. Department of Labor to look into and investigate the practices and policies of the . . . Employee Stock Ownership Plan of [BNYM] with respect to its policy of refusing to immediately pay to the employees['] named beneficiary . . . the full proceeds of the Total Account Value of" employee stock ownership plans. (Compl. at 9.)

## II. **Background**[3]

Kinzie's wife, Pilar Kinzie, was employed by BNYM for over seventeen years. (Compl. at 6.) During that time, Pilar became a participant in BYNM's employee stock ownership plan (ESOP), and named Kinzie as her beneficiary. (*Id.* at 7.) Pilar passed away on January 7, 2014, at which time the market value of her ESOP was $44,791.16. (*Id.* at 6-7.) Soon thereafter, Kinzie notified BNYM of Pilar's death, "filled out all of [the necessary] forms[,] and requested the total assets of . . . Pilar['s ESOP]." (*Id.* at 7.) BNYM then informed Kinzie that "due to their new policy, he could not get the total account proceeds, but could only get a small arbitrary monthly amount from the proceeds." (*Id.*) As a result of BNYM's continued withholding of the total account proceeds, Kinzie has suffered "severe and desperate financial hardship and irreparable harm." (*Id.*)

After several unsuccessful attempts to procure the entire amount to which he believes he is entitled, Kinzie filed a complaint in New York State Supreme Court, asserting one claim against BNYM for breach of contract. (*Id.* at 5-8.) BNYM then removed the action to this court. (Dkt. No. 1.)

---

[3] The facts are drawn from Kinzie's complaint and presented in the light most favorable to him.

Shortly after, BNYM filed its motion to dismiss, which the court now considers. (Dkt. No. 5.)

### III. Standard of Review

The standard of review applicable to Fed. R. Civ. P. 12(b)(6) motions is well settled and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), *abrogated on other grounds by Altman v. J.C. Christensen & Assocs., Inc.*, No. 14-2240-cv, 2015 WL 2242398 (2d Cir. May 14, 2015).

### IV. Discussion

BNYM argues that Kinzie's breach of contract claim must be dismissed because it is preempted by the Employee Retirement Income Security Act[4] (ERISA). (Dkt. No. 5, Attach. 1 at 5-7.) Kinzie responds, rather conclusorily, that his breach of contract claim is not preempted by ERISA. (Dkt. No. 17 at 7-8.) The court agrees with BNYM.

"Congress enacted ERISA to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to

---

[4] *See* 29 U.S.C. §§ 1001-1461.

'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting 29 U.S.C. § 1001(b)). To achieve "a uniform regulatory regime," ERISA has "expansive pre-emption provisions, which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." *Id.* (internal quotation marks and citations omitted). Specifically, ERISA § 514(a) states that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983). "As to state common law claims, ERISA preempts those that seek 'to rectify a wrongful denial of benefits promised under ERISA-regulated plans, and do not attempt to remedy any violation of a legal duty independent of ERISA.'" *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 114 (2d Cir. 2008) (quoting *Davila*, 542 U.S. at 214). Accordingly, any state law claim that "duplicates, supplements, or supplants the ERISA civil enforcement remedy . . . is . . . pre-empted." *Davila*, 542 U.S. at 209, 214.

Here, Kinzie does not dispute that the ESOP is an employee benefit

plan governed by ERISA. *See Grimo v. Blue Cross/Blue Shield, of Vermont*, 34 F.3d 148, 151 (2d Cir. 1994) ("[A] plan, fund, or program under ERISA is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." (internal quotation marks and citations omitted)); *McCabe v. Capital Mercury Apparel*, 752 F. Supp. 2d 396, 404 (S.D.N.Y. 2010) ("ESOPs are subject to ERISA."). Further, Kinzie concedes that his breach of contract claim is, in reality, a claim for benefits pursuant to the terms of the ESOP; specifically, Kinzie seeks an order directing BNYM to issue him a lump-sum payment of the survivor benefits under the ESOP. (Compl. at 9-10; Dkt. No. 17 at 6.) Kinzie's claim, therefore, "relates to" the ESOP, and, in fact, is precisely the type of state common law claim that is preempted by ERISA, as Kinzie seeks only "to rectify a wrongful denial of benefits promised under [an] ERISA-regulated plan[]." *Davila*, 542 U.S. at 209, 214; *see Gerosa v. Savasta & Co.*, 329 F.3d 317, 324 (2d Cir. 2003) (noting that state law claims that would tend to "affect[] the determination of eligibility for benefits, amounts of benefits, or means of securing unpaid benefits-have typically been found to be preempted"); *Harrison v. Metro. Life Ins. Co.*, 417 F. Supp. 2d 424, 431-32 (S.D.N.Y.

2006). Thus, Kinzie's breach of contract claim is preempted by ERISA, and it is therefore dismissed without prejudice.[5] *See Constas v. Highland Hosp.*, No. 014-CV-06447T, 2015 WL 1432592, at *1-2 (W.D.N.Y. Mar. 27, 2015) (dismissing breach of contract claim without prejudice where the claim was preempted by ERISA).[6]

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that BNYM's motion to dismiss (Dkt. No. 5) is **GRANTED**; and it is further

**ORDERED** that Kinzie's first cause of action for breach of contract (Compl. at 5-8) is **DISMISSED WITHOUT PREJUDICE** and BNYM is

---

[5] The court appreciates that BNYM argues in favor of dismissal with prejudice, and further asserts that, even if the court were to construe Kinzie's breach of contract claim as a claim for benefits under ERISA, dismissal with prejudice would still be appropriate in light of Kinzie's failure to exhaust administrative remedies and his failure to name BNYM as a proper defendant under ERISA. (Dkt. No. 5, Attach. 1 at 7-9.) While the court is inclined to agree with BNYM based on the information presented thus far, the court declines to dismiss Kinzie's claim with prejudice at this early stage of the litigation.

[6] While the court is hard-pressed to understand Kinzie's claim against the U.S. Department of Labor Employee Benefits Security Administration, because the Administration has not answered the complaint or otherwise appeared in this action, the court is unable to dismiss the complaint in its entirety.

7

**DISMISSED** from this action; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 17, 2015
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court