UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID KINZIE, individually and as beneficiary
under the Pilar Kinzie Employee Stock
Ownership Plan, the Bank of New York
Company Inc. and on behalf of Pilar
Kinzie, deceased,

                                Plaintiff,

   vs.                                                     1:14-CV-1191
                                                          (GLS/CFH)

U.S. DEPARTMENT OF LABOR
EMPLOYEE BENEFITS SECURITY
ADMINISTRATION,

                                Defendant.
_____

**APPEARANCES:**                             **OF COUNSEL:**

OFFICE OF WILLIAM A. BRENNER        WILLIAM BRENNER, ESQ.
P.O. BOX 369
157 Main Street
Grahamsville, New York 12740
Attorneys for Plaintiff

**CHRISTIAN F. HUMMEL,**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

### I.  Background

    Following a notice of removal filed by defendant, The Bank of New York Mellon Corporation ("Bank"), this action was transferred to this Court on September 29, 2014. Dkt. No. 1.  This Court granted the Bank's motion to dismiss on June 17, 2015.  Dkt. No. 19.  On June 24, 2014, the undersigned issued a text order noting that defendant

United States Department of Labor Employee Benefits Security Administration ("DOL") had not appeared or filed an answer, and directed plaintiff to file a status report by July 1, 2015.  Dkt. No. 20.  Plaintiff did not file a status report.

The undersigned set teleconference to ascertain the status of plaintiff's service on the DOL at which plaintiff's counsel appeared and requested an extension of time to serve the DOL.  Text Min. Entry Dated Jul. 27, 2015.  The Court granted plaintiff an extension to serve the DOL until September 11, 2015.  Id.  On September 11, 2015, plaintiff's counsel filed a letter motion requesting an adjournment to October 12, 2015 to serve the DOL due to "1) [d]ifficulty in plaintiff's attorney (deponent) preparing and serving papers out of state; 2) Plaintiff's attorney's personal illness and resultant backlog therefrom; 3) Plaintiff's attorney is a self practitioner and encountering difficulty with the Federal practice."  Dkt. No. 21 at 2.  The Court granted plaintiff a thirty-day extension in serving the DOL.  Dkt. No. 22.

On October 9, 2015, plaintiff's counsel requested another extension of the service deadline to November 12, 2015.  Dkt. No. 23.  Plaintiff's counsel cited

> 1) Difficulty in plaintiff's attorney (deponent) preparing and serving papers out of state; 2) Plaintiff's attorneys [sic] personal illness, advanced age 75 and resultant backlog resulting there from; 3) Plaintiff's attorney is a self practitioner and encountering difficulty with the Federal practice.  I believe that I may have to travel to Washington DC to effect proper service.  There is difficulty with using Washington DC process servers.

Id. at 2.  The Court granted in part and denied in part plaintiff's request, extending the service deadline to November 2, 2015, and advising plaintiff that no further extensions would be granted.  Dkt. No. 24.

2

On February 9, 2016, the Court issued a text order directing plaintiff's counsel to appear in person for a status conference on February 23, 2016. Dkt. No. 25. On February 22, 2016, plaintiff's counsel requested a three-week adjournment of the status conference to March 15, 2015, citing "a fully week Jury Trial in late December 2015 and had an extended illness thereafter with a backlog of work." Dkt. No. 26. On February 22, the Court adjourned the conference for three weeks, rescheduling it for March 4, 2016. Dkt. Nos. 27, 28.

On March 4, 2016, plaintiff's counsel filed a letter motion requesting a one-week adjournment of the March 4 status conference, citing illness and "time restrains to review with client." Dkt. No. 29. Following a telephone conference on March 4, 2016 with plaintiff's counsel, the Court reset the deadline for service on DOL to April 1, 2016 and advised plaintiff's counsel that there would be no further extensions and that failure to effectuate service by April 1, 2016 "may result in a Report and Recommendation to the District Judge, that this case be Dismissed." Text Min. Entry dated Mar. 4, 2016. Plaintiff has not filed proof of service on the DOL.

On June 3, 2016, the Court received a letter motion from Assistant United States Attorney Karen Folster Lesperance for the DOL, requesting that plaintiff's action be dismissed for failure to effectuate service. Dkt. No. 30. Ms. Lesperance explicitly noted that the motion "is not intended as a formal appearance in this action, and DOL expressly reserves any and all objections based on lack of personal jurisdiction in this case." Id.

## II. Discussion

### A. Legal Standard

Pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 4(i)(2), to serve a federal agency, corporation, officer or employee, "a party must serve the United States and also send a copy of the summons and complaint by registered or certified mail to the agency, corporation, officer, or employee." See also N.D.N.Y. L.R. 4.1(b) (stating that, service of process on defendants is due within sixty (60) days of filing the complaint). Rule 4(m) provides

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court – upon motion or on its own initiative after notice to the plaintiff – shall dismiss the action without prejudice as to that defendant or order that service must be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

### B. Analysis

Here, plaintiff was given several opportunities to serve defendant DOL. Dkt Nos. 20, 22, 24, 27, 28; Text Min. Entries dated July 27, 2015, April 4, 2016. Plaintiff was further advised that his failure to serve the DOL would result in the case being dismissed. See Text Min. Entry dated Mar. 4, 2016. As his reason for failure to serve, plaintiff's counsel has cited various illnesses, a significant backlog of work, lack of familiarity with federal practice, a one-week jury trial, and lack of ability to find a process

4

server to serve defendant in the District of Columbia. See Dkt. Nos. 20, 22, 24, 27, 28. The Court granted these several extension requests in response, but warned plaintiff that no more extensions would be granted. Text Min. Entry dated Mar. 4, 2016. Despite this Court's many generous extensions, reminders, and warnings, defendant DOL has still not been served; thus, this Court has not acquired jurisdiction over the DOL. See, e.g., Mendoza v. McGinnis, 05-CV-1124, 2007 WL 804373, at *4 (N.D.N.Y. Mar. 14, 2007) (citing Michaelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 709 F. Supp. 1279, 1282 (S.D.N.Y. 1989)).

The undersigned finds that plaintiff has not demonstrated good cause for this final failure to serve defendant; thus, the Court will not sua sponte extend the time for service. See, e.g., Henderson v. United States, 517 U.S. 654, 662-663 (1996). Further, the undersigned conludes that a sanction lesser than dismissal would not be effective as plaintiff has failed to effectuate service on defendant for nearly two years. See, e.g., Wagner v. Ashcroft, 214 F.R.D. 78, 82-83 (N.D.N.Y. 2003). Thus, dismissal is appropriate and warranted in this action.[1] Accordingly, it is recommended that plaintiff's complaint be dismissed without prejudice for failure to serve the DOL.

---

[1] Although the undersigned does not reach any finding on whether dismissal may impact any statute of limitations, the undersigned notes that,

> there has not been merely 'one misstep' but many, and to excuse this failure would be to extract the tiger's teeth. It is true that dismissal might have repercussions with respect to the applicable statute of limitations, but the fact that dismissal might have repercussions with respect to the applicable statute of limitations does not compel the court to excuse the violation[.]

Knorr v. Coughlin, 159 F.R.D. 5, 6 (N.D.N.Y. 1994).

5

### III. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**RECOMMENDED**, that the action be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 4(m) for failure to effectuate timely service upon the defendant DOL; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on plaintiff in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

**IT IS SO ORDERED**.

Dated: June 6, 2016
      Albany, New York

*Christian F. Hummel* (signature)
Christian F. Hummel
U.S. Magistrate Judge